# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00438-CV

---

### G. C. and H. M., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-004826, THE HONORABLE MARIA CANTU-HEXSEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants G.C. (Mother) and H.M. (Father) challenge a final decree terminating their respective parental rights to a single child, "Megan," aged two years at the time of final judgment on June 28, 2022.[1]  The trial court terminated Mother's rights under predicates (D) (endangerment), (E) (placement in circumstances resulting in endangerment), (O) (failure to comply with court-ordered service plan) (P) (use of controlled substance), and (R) (contributing to birth of child with addiction to unprescribed controlled substance or alcohol).  *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (P), and (R).  The court terminated Father's rights to Megan under predicates (D), (E), (O), and (P).

Counsel for Mother and counsel for Father have filed briefs concluding that any appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967);

---

[1] *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

*In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). These briefs meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). The counselors have also certified to this Court that Mother and Father were provided with a copy of the respective *Anders* briefs and notice of the right to file a pro se brief. Neither Mother nor Father filed a brief.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the briefing, including the trial court's findings under subsections (D) and (E), *see* Tex. Fam. Code § 161.001(b)(1)(D), (E); *In re N.G.*, 577 S.W.3d 230, 236–37 (Tex. 2019) (per curiam), we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that any appeal is frivolous and without merit. Accordingly, we affirm the trial court's final decree of termination.[2]

---

[2] We deny Mother's counsel's request to withdraw. A parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See In re P.M.,* 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, the counselors' respective obligations to Mother and Father have not yet been discharged. *See id.* If Mother or Father, after consulting with counsel, desire to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

_____

Edward Smith, Justice

Before Justices Triana, Kelly, and Smith

Affirmed

Filed:   December 20, 2022